United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30565
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIEUS MONTGOMERY,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CR-10001-1
---------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:<sup>*</sup>

Alexieus Montgomery appeals the sentence imposed upon his guilty-plea conviction for assault with a deadly weapon. See 18 U.S.C. § 113(a)(3). Montgomery argues (1) that the district court's factual finding that Montgomery's offense involved "more than minimal planning" was clearly erroneous, (2) that the district court committed <u>Blakely</u><sup>**</sup> error in increasing his offense level pursuant to U.S.S.G. § 2A2.2 for "more than minimal

---

<sup>*</sup> Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<sup>**</sup> <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

planning," and (3) that the career-offender enhancement of Montgomery's sentence was unconstitutional under Apprendi[***] and Blakely.

Montgomery and his three cell mates were members of the Black Gangster Disciples (BGD). Montgomery and two of his cell mates fashioned weapons from razors provided to them for shaving. Montgomery then obtained permission from a BGD board member to attack Lucius Allen, the fourth cell mate. Montgomery and the two other attackers admitted that they attacked Allen with weapons made from the razors. These factual findings were sufficient to support the two-level adjustment pursuant to U.S.S.G. § 2A2.2(b)(1) for "more than minimal planning." See U.S.S.G. § 2A2.2, comment. (n.3). The district court did not clearly err in applying U.S.S.G. § 2A2.2(b)(1). See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

For the first time on appeal, Montgomery asserts a Blakely challenge to the two-level adjustment for "more than minimal planning." Although the first two prongs of the plain-error standard are satisfied, Montgomery cannot show that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732-37 (1993). "The judge imposed a sentence in the middle of the properly determined Guidelines range, and there is no indication in the record from the judge's remarks or

---

[***] Apprendi v. New Jersey, 530 U.S. 466 (2000).

otherwise that the judge would have reached a different conclusion in an advisory regime." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Montgomery is not entitled to resentencing under Blakely.

Finally, Montgomery's Blakely challenge to the district court's use of the career-offender guideline has been rejected by this court. See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006).

AFFIRMED.